IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JUAN LAZARENO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Civil Case No. 2:17-CV-187<br>*Related Criminal Case No. 2:14-CR-151*<br><br>Judge Dee Benson |

This matter is before the Court on Petitioner Juan Lazareno's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that his sentence was enhanced because the Court improperly determined that his prior Utah felony conviction for aggravated assault was a "crime of violence." Petitioner claims that the improper sentencing enhancement was the result of ineffective assistance of counsel in violation of the Sixth Amendment.

## BACKGROUND

Petitioner Lazareno pleaded guilty on December 16, 2015, to unlawfully possessing a firearm in violation of 18 U.S.C. § 922(g). *United States v. Lazareno*, 2:14-cr-151, Doc. 30 (D.

1

Utah Dec. 16, 2015). At sentencing, the Court applied United States Sentencing Guideline (USSG) § 2K2.1, which imposes an increased base offense level for an offender who was previously convicted of a crime of violence. Counsel for Petitioner filed a sentencing memorandum challenging a different sentencing enhancement used in the Presentence Report, but counsel did not challenge the "crime of violence" enhancement that was based on Petitioner's prior conviction for aggravated assault. With the "crime of violence" enhancement, the applicable guideline range was 46-57 months. Without it, the range would have been 27-33 months.

The Court imposed a high-end sentence of 57 months in prison followed by 36 months of supervised release. As stated previously, in the motion now before the Court, Petitioner Lazareno claims that his prior conviction for aggravated assault did not qualify as a crime of violence and therefore his counsel should have objected to the enhancement. Because counsel did not object, Petitioner claims that his sentence was imposed in violation of his Sixth Amendment right to effective assistance of counsel.

## DISCUSSION

The Court agrees with Petitioner that the "crime of violence" enhancement should not have been applied in this case.

This Court has previously concluded, and the parties do not dispute, that Utah aggravated assault can be committed recklessly. *See Broadbent v. United States*, 2016 WL 5922302, at *5 (D. Utah Oct. 11, 2016). Utah case law also confirms that a finding of recklessness is sufficient to establish a conviction for aggravated assault. *State v. McElhaney*, 579 P.2d 328 (Utah 1978)

(wherein Utah Supreme Court held that Utah's aggravated assault statute can be violated recklessly).

Having determined that Utah aggravated assault can be committed recklessly, this Court is bound by precedent from the United States Court of Appeals for the Tenth Circuit that clearly excludes reckless conduct from the crime of violence definition in § 4B1.2. In *United States v. Armijo*, 651 F.3d 1226, 1237 (10th Cir. 2011), the Tenth Circuit explained that its precedent was clear that "only those crimes with a mens rea of intent or purpose qualify as crimes of violence." *Id.* at 1234 (quoting *United States v. Zuniga-Soto*, 527 F.3d 1110, 1115 (10th Cir. 2008). The Tenth Circuit further explained that § 4B1.2 requires "purposeful or intentional behavior" and does not encompass non-intentional mental states such as recklessness. *Id.* at 1237 (holding manslaughter based on recklessness was not a crime of violence under § 4B1.2). More recently, in *United States v. Mitchell*, 653 Fed.Appx. 693 (10th Cir. 2016), the Tenth Circuit reiterated this long-standing rule stating: "If the elements of an offense may be proven without intentional or purposeful conduct (e.g., an offense that may be committed with a reckless mens rea), that offense does not constitute a crime of violence" under § 4B1.2. *Id.* at 644 n.5.

This Court is bound to follow this well-established Tenth Circuit precedent, and has done so on several occasions, concluding that because aggravated assault in Utah can be committed recklessly, it does not constitute a crime of violence. *See United States v. Bettcher*, 2:15-CR-623 (D. Utah Aug. 4, 2016) (oral ruling); *Jaramillo v. United States*, 1:16-CV-87, 2016 WL 5947265, at *6 (D. Utah Oct. 13, 2016) (concluding that Tenth Circuit precedent provides that if an offense may be committed with a reckless mens rea that offense does not constitute a crime of violence) (abrogated on other grounds by *United States v. Frazier-LeFear*, 665 Fed.Appx. 727,

731-32(10th Cir. 2016)); *Broadbent v. United States*, 2:16-CV-569, 2016 WL 5922302 (D. Utah Oct. 11, 2016) ("Until the Tenth Circuit sees fit to review *Zuniga-Soto* and *Armijo* in light of *Voisine*, the Court is bound to follow those cases."); *see also United States v. Mann*, 2017 WL 3052521 (D. N.M. June 16, 2017) (concluding that *Voisine* does not control the interpretation of felony "crime of violence" and does not overrule Tenth Circuit precedent holding that recklessness is an insufficient mens rea to constitute a felony crime of violence).

Because Petitioner's Utah aggravated assault conviction did not qualify as a crime of violence, and because the law on this point was well settled at the time of sentencing, counsel's failure to challenge the sentencing enhancement was both unreasonable and prejudicial such that Petitioner's Sixth Amendment right to effective assistance of counsel was violated. *See Strickland v. Washington*, 466 U.S. 668 (1984).

## **CONCLUSION**

For the foregoing reasons, the Court GRANTS Petitioner's motion and VACATES the sentence previously imposed. Petitioner is instructed to contact the Court to schedule a time for resentencing.

It is so ordered.

DATED this 20th day of September, 2017.

_____
Dee Benson
United States District Judge

4